*John M. Brown, for appellant.*

*Cissel & Vance, for appellee.*

---

MARY GRIMES ET AL *v.* WILLIAM S. GRIMES ET AL.

Wills—Construction—Devise to Wife for Her Separate Use—Exclusion ·of Husband.
    A devise to a wife which provided that she should have and enjoy the annual rents, hire, and interest of the estate, with the privilege of disposing of it by devise or gift as she might desire, is held to be a devise for the separate use of the wife to the exclusion of her husband's marital rights therein.

APPEAL FROM BOURBON CIRCUIT COURT.

June 9, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

The conclusion of the circuit court as to the rights of the appellee growing out of the alleged partnership between him and his father, is, we think, sustained by the weight of the evidence, and we perceive no error in the judgement establishing the appellee's right to one-half of the gold on deposit with Bishop & Brothers of Cincinnati, and to a portion of the stock sold at the sale of John S. Grimes, decd.

But we do not concur in the judgment adjudging the appellant

M. E. Grimes' claim for rents, interest and hire of her estate in the hands of her husband as her trustee. The provision in the will of Nathan Bayless that the appellant should have and enjoy the annual rents, hire and interest of the estate devised to her, with the privilege of disposing of it by devise or gift as she might desire, is we think, indicative of an intention to devise the estate for the appellant's separate use to the exclusion of her husband's marital rights therein; and this construction is fortified by the fact that John S. Grimes seems to have recognized his wife's separate rights in the estate, and accounted to her for the rents, hires and interest accruing prior to the 18th of May, 1861, as sufficiently appears from the receipts exhibited. And under all the circumstances, as the rents, interest and hires do not appear to have been accounted for as to any time subsequent to the 18th of May 1861, we can see no sufficient reason for exempting the trustee's estate from liability, therefore or for diminishing or reducing the same by charging the appellant in favor of her husband's estate for the expense of her clothing or otherwise. Her husband appears to have been both able and willing to indulge her in living in a style appropriate to his station, and position in society, and there is nothing in this record showing either an intention or a right on the part of her husband to charge for her support.

We think the court erred in allowing credit to the estate of J. S. Grimes for the annual expenses of the appellant from and after the 18th of May, 1861, till his death.

Wherefore, the judgment is reversed and the cause remanded for a judgment in conformity to this opinion.

*Davis, for appellant.*

*Prall, for appellee.*